# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON CHILIN,<br>    Plaintiff,<br><br>                    v.<br><br>BEDI & SONS LLC,<br>    Defendant. | 5:23-cv-1559-DSF-SPx<br><br>Order GRANTING Motion for<br>Default Judgment (Dkt. 17) |

Plaintiff Nelson Chilin moves for entry of default judgment against defaulted Defendant Bedi & Sons LLC.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. FACTUAL ALLEGATIONS

Plaintiff alleges that he is a person with a physical disability that requires him to use a wheelchair at all times when travelling in public. Compl. ¶ 1.  Defendant owned or leased a property used as a liquor store at 18184 Valley Blvd., Bloomington, California.  Compl. ¶ 2.  "In or about April of 2023," Plaintiff attempted to patronize the liquor store and encountered several barriers relating to the parking at the store. Compl. ¶¶ 10-13.  Specifically, Plaintiff alleges that the parking lot lacked required signage for an accessible parking space, failed to provide a van accessible space with an access aisle, and failed to provide a proper access route due to an excessively steep running slope. Compl. ¶ 13.  Plaintiff claims that these barriers caused him "difficulty and frustration," and that, while he wishes to return to the store, he is deterred due to his knowledge of the barriers.  Compl. ¶ 14.

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  After default is entered, unless the plaintiff's claim is for a sum certain, the plaintiff must apply to the court for entry of default judgment.  Fed. R. Civ. P. 55(b)(2).  The Court need not make detailed findings of fact in the event of default.  See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990).  On entry of default, well-pleaded allegations in the complaint regarding liability generally are deemed to be admitted.  DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007).  Allegations as to damages, however, must be proven.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (simplified).

The Court considers the Eitel factors "in exercising discretion as to the entry of a default judgment includ[ing]:  (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of the money at stake in the action, (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. ANALYSIS

The Court finds that the Eitel factors favor entry of default judgment.

Given Defendant's failure to respond, absent default judgment Plaintiff would be unable to achieve remediation of the accessibility barriers alleged in the complaint and would not be able to recover damages to which he is entitled under the Unruh Act.  Taking the liability allegations of the complaint to be true, Plaintiff's substantive claim is strong and there appears to be little room for a dispute as to

the material facts.[1]  The sum of money at stake is relatively small – a
requested total of $7,187.00.  There is also no indication that the failure
to answer was due to excusable neglect, nor is there any reason to
believe that the interest in a decision on the merits is any stronger here
than in a typical case where default judgment is sought.

As for remedies, the Court finds the requested injunctive relief
appropriate under both the ADA and the Unruh Act.

Plaintiff requests the minimum statutory damages under the
Unruh Act – $4,000.  This request is granted.

However, the fee request is excessive given the extremely simple,
boilerplate litigation and resolution of the case.  While 3.8 hours of
attorney time and 4.6 hours of paralegal time would typically be
reasonable for almost any case, a review of counsel's billing statement
shows significant padding.

Given the extraordinarily simple facts, even a full hour of
"consultation" about the facts is not reasonable and potentially not even
plausible to have occurred.  The Court will *generously* award 0.5 hours
for this.  The 0.9 hours of attorney time spent on a "final review of
facts" and to draft the complaint is also not a reasonable amount of
time given that the facts are simple and known and the complaint is
literal boilerplate for a firm that has filed hundreds of these cases
involving virtually identical facts.  The Court will award a total of 0.4
hours for these two items.  A half hour of attorney time to draft a
request for default is not reasonable.  To the degree that this should
even be attorney time, a request for default is essentially pro forma and
the Court will not award more than 0.2 hours.  This is a total reduction
of 1.3 hours, resulting in an award of 2.5 hours of attorney time.

The Court has previously found that the quality and type of work
provided in these "cookie-cutter" access cases does not warrant a $500
per hour rate and has awarded $250 per hour.  See Gonzalez v. Z&F

---

[1] Plaintiff proceeds only on his ADA and Unruh Act claims in his motion for
default judgment, and, therefore, the Court has evaluated only those claims.

<u>Props. LLC</u>, 2:23-cv-5401-DSF-AFM, Dkt. 19 (Feb. 16, 2024).  The Court does so again here.

The billed paralegal time is also heavily padded.  Filing a single document is alleged to have taken 0.2 or 0.3 hours.  Downloading documents allegedly takes almost a half hour.  While the CM/ECF system is not flawless, these simple tasks are not that time-consuming.  In any event, much of this time is arguably administrative, rather than work requiring the skills of a paralegal at $150 per hour.  The Court will award half of the requested paralegal time – 2.3 total hours – at the requested rate.

The requested costs are reasonable except with respect to gas and mileage reimbursement, which are more akin to overhead costs of the firm rather than litigation costs.

## IV. CONCLUSION

Consistent with the above, the Court GRANTS the motion for default judgment.  Judgment will be entered for injunctive relief, $4,000 in statutory damages, $970 in fees, and $537 in costs.

IT IS SO ORDERED.

Date: March 7, 2024

Dale S. Fischer
United States District Judge